9/22/06 3:20 pm

ORIGINAL

FILED
SEP 22 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF VOCATIONAL REHABILITATION :

and :

STEVEN RIGHTSELL :

Plaintiffs, :

v. : Case No. 06-666 C

THE UNITED STATES OF AMERICA, :

Defendant. :

* * * ooo0ooo * * *

## COMPLAINT

The Colorado Department of Human Services, Division of Vocational Rehabilitation ("Colorado DVR") and Steven P. Rightsell, by their attorneys, hereby bring suit against the United States of America for violations of the Randolph-Sheppard Act ("the Act") by the Department of the Air Force in refusing to apply the Act's priority to contracts or other arrangements for the operation of the cafeteria at Buckley Air Force Base and allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Colorado DVR is a state governmental agency responsible for assisting people whose disabilities create barriers to employment to succeed at work and live independently. It has been designated as the state licensing agency under the Randolph-Sheppard Act and has the responsibility of issuing licenses to qualified blind persons to operate

vending facilities, including cafeterias, on state and federal property pursuant to 20 U.S.C. §§ 107 *et seq. See* § 26-8.5-100.1 to 26-8.5-107, C.R.S. (2006).

2. Plaintiff Steven P. Rightsell is a Colorado resident licensed by Colorado DVR to operate vending facilities on state and federal property pursuant to § 26-8.5-100.1 to 26-8.5-107, C.R.S. (2006).

3. Defendant the United States of America, through its department, the Department of the Air Force (the "Air Force"), operates Buckley Air Force Base in Aurora, Colorado.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491.

5. Colorado DVR and Mr. Rightsell are properly interested parties entitled to invoke this Court's power and authority to grant the relief requested herein.

6. Under the provisions of the Randolph-Sheppard Act, 20 U.S.C. § 107 *et seq.*, the federal government, in partnership with Colorado DVR, provides entrepreneurial opportunities for licensed blind vendors in Colorado by establishing a priority for the operation of vending facilities, including cafeterias, on federal properties.

7. In October 1999, the Air Force awarded to Colorado DVR the contract to operate the High Frontier Dining Facility at Buckley Air Force Base. The High Frontier Dining Facility is a cafeteria that serves as the main dining facility for all personnel stationed at Buckley Air Force Base.

8. Since October 2005, Colorado DVR has assigned Steven Rightsell, a licensed blind vendor, to operate the High Frontier Dining Facility. The operation has constantly provided high quality food at a reasonable price and has been recognized for its good service.

9. In or about May 2006, the Air Force informed Colorado DVR and Mr. Rightsell that it planned to close the High Frontier Dining Facility on October 1, 2006, as part of a plan to reduce service costs.

10. On July 25, 2006, the Air Force formally notified Colorado DVR that the Air Force would not exercise the next option year on the contract, which would otherwise begin October 1, 2006.

11. In or about July 2006, Colorado DVR and Mr. Rightsell learned that the Air Force did not intend to close the cafeteria, but instead planned to close the cafeteria for two months of renovations and then re-open it in December 2006. The Air Force's plans call for the renovated cafeteria to offer different food selections, but to continue to be the main dining facility at Buckley Air Force Base.

12. On information and belief, the Air Force plans for the renovated cafeteria to provide a broad variety of foods and beverages, including a Starbucks, Mexican food, pasta, and alcoholic drinks. Customers will proceed through a line (or lines) to order their food from the available selections, pay for their orders, and then pick up their food.

13. On information and belief, the Air Force plans to have its Services Division contract out all or a portion of the operation of the renovated cafeteria to one or more private entities, including but not limited to Starbucks Corporation or its licensee.

14. Beginning shortly after learning of the plans for a renovated cafeteria at Buckley, Colorado DVR and Mr. Rightsell have repeatedly informed the Air Force of their interest in operating it, as is their right under the Randolph-Sheppard Act.

15. On September 18, 2006, the Air Force informed Colorado DVR that it would not honor the Randolph-Sheppard priority for the operation of the renovated cafeteria at Buckley Air Force Base. The Air Force erroneously asserted that the Randolph-Sheppard priority would not apply because the funds used to operate the renovated cafeteria will change from appropriated to non-appropriated funds. Additionally, the Air Force claimed that the renovated cafeteria "is not a contract operation or a vending facility within the meaning of the provisions of the Randolph-Sheppard Act."

16. The Randolph-Sheppard Act defines "vending facility" to include "cafeterias." 20 U.S.C. § 107e(7).

17. The Randolph-Sheppard Act and its implementing regulations apply to all cafeterias on all federal properties, without regard to the source of funds or operating arrangement. 20 U.S.C. §§ 107d-3(e), 107e(7); 34 C.F.R. §§ 395.33, 395.1(d).

18. Under the Act and its implementing regulations, "[p]riority in the operation of cafeterias by blind vendors on Federal property shall be afforded when . . . such operation can be provided at a reasonable cost, with food of a high quality comparable to that currently provided employees, whether by contract or otherwise." 34 C.F.R. § 395.33(a); *see also* 20 U.S.C. § 107d-3(e).

19. The Air Force's refusal to apply the Randolph-Sheppard priority for operation by blind vendors to the renovated cafeteria at Buckley Air Force Base violates the Randolph-Sheppard Act.

20. Pursuant to 20 U.S.C. § 107d-1(b), Colorado DVR has filed a complaint with the Secretary of Education requesting that the Secretary convene an arbitration panel to determine

whether the Air Force is violating the Randolph-Sheppard Act by refusing to allow the state licensing agency and its licensed blind vendor the opportunity to operate the renovated cafeteria.

21. Because the Randolph-Sheppard arbitration panel and the Secretary of Education lack equitable powers that would allow them to enjoin the Air Force's violations of the Randolph-Sheppard Act during the year or more that the arbitration will be pending, and for other reasons as explained in Plaintiffs' Memorandum in Support of Their Motion for Preliminary Injunction, Colorado DVR and Mr. Rightsell will be irreparably harmed if this Court does not enter injunctive relief pending the outcome of the arbitration.

**COUNT ONE**

22. Plaintiffs incorporate by reference the foregoing averments.

23. The Randolph-Sheppard priority applies to the operation of food services at Buckley Air Force Base, including the facility currently known as the High Frontier Dining Facility and the renovated facility to be known as the High Frontier Inn.

24. Plaintiffs are entitled to a preliminary injunction to enforce the Randolph-Sheppard priority, preserve the status quo, and prevent them from being irreparably harmed while the Randolph-Sheppard arbitration is pending.

**COUNT TWO**

25. Plaintiffs incorporate by reference the foregoing averments.

26. The Randolph-Sheppard priority applies to the operation of food services at Buckley Air Force Base, including the facility currently known as the High Frontier Dining Facility and the renovated facility to be known as the High Frontier Inn.

27. Plaintiffs are entitled to a judicial determination and declaration that the Randolph-Sheppard priority is applicable to the High Frontier Dining Facility and the renovated facility to be known as the High Frontier Inn.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. A preliminary injunction to enjoin the United States and the United States Department of the Air Force, so long as the Randolph-Sheppard arbitration is pending, from entering into or performing under any contract or other arrangement for food services at the building at Buckley Air Force Base that currently contains the High Frontier Dining Facility, or any successor thereto, unless and until the Air Force has applied the Randolph-Sheppard Act's priority to that contract or other arrangement.

2. A judicial determination and declaration that Randolph-Sheppard priority is applicable with regard to the High Frontier Dining Facility and the renovated facility to be known as the High Frontier Inn.

3. Such other relief as the Court deems necessary and just.

Respectfully submitted,

JOHN W. SUTHERS
Attorney General
State of Colorado

By: Katheryne Gwinn (by Shelly Marie Martin)
Kathyrne C. Gwinn
Assistant Attorney General
State Services Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: (303) 866-5448

Facsimile: (303) 866-5671 (fax)
E-mail: kc.gwinn@state.co.us

Attorneys for Colorado Division of Vocational Rehabilitation

Andrew Freeman (by Shelly Marie Martin)

Andrew D. Freeman
Shelly Marie Martin (of counsel)
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030
(410) 385-0869 (fax)
E-mail: adf@browngold.com
smm@browngold.com

Attorneys for plaintiff Steven Rightsell

Dated: September 22, 2006