ORIGINAL

FILED
SEP 22 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF VOCATIONAL REHABILITATION, *et al.*,

Plaintiffs,

v. Case No. 06-666 C

THE UNITED STATES OF AMERICA,

Defendant.

* * * ooo0ooo * * *

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Colorado Department of Human Services, Division of Vocational Rehabilitation and Steven Rightsell, through their undersigned attorneys, hereby request that the Court enter a temporary restraining order and preliminary injunction and state:

1. Colorado Department of Human Services, Division of Vocational Rehabilitation ("Colorado DVR") is a state licensing agency under the Randolph-Sheppard Act, 20 U.S.C. § 107, *et seq.* Mr. Rightsell is a licensed blind manager in the Colorado Randolph-Sheppard program.

2. Colorado DVR entered into a contract with the Air Force to operate the cafeteria at Buckley Air Force Base under the Randolph-Sheppard Act. Mr. Rightsell is the blind manager who operates the cafeteria. The cafeteria is Mr. Rightsell's only source of income.

3. The Air Force did not exercise the next option year on the contract, and has informed Colorado DVR and Mr. Rightsell that they must vacate the cafeteria on September 30, 2006.

4. The Air Force plans to close the cafeteria for renovations and re-open it in December 2006.

5. Colorado DVR wishes to exercise its priority to operate the renovated cafeteria under the Randolph-Sheppard Act when it re-opens.

6. The Air Force has refused to recognize the priority, which it claims does not apply to the renovated cafeteria, and it will not allow Colorado DVR to negotiate or bid for a contract to operate the renovated cafeteria.

7. Colorado DVR has requested a Randolph-Sheppard arbitration to determine whether the Randolph-Sheppard priority applies to the renovated cafeteria.

8. Because the Randolph-Sheppard Act applies to all cafeterias on federal properties, Colorado DVR is likely to succeed on the merits at arbitration.

9. Randolph-Sheppard arbitrations almost always take over a year to complete. Neither the arbitration panel nor the Secretary of Education has authority to enter injunctive relief pending its decision, and they may not have the authority to award any specific remedy if the panel finds the Air Force has violated the Act.

10. Colorado DVR and Mr. Rightsell will be irreparably harmed if the Air Force is allowed to evict Mr. Rightsell from his vending facility before the arbitration panel has ruled.

WHEREFORE, and for such further reasons as set forth in the accompanying memorandum, the Court should enter a preliminary injunction prohibiting the Department of the Air Force, until such time as the Randolph-Sheppard arbitration of this dispute is completed, from entering into or performing under any contract or other arrangement for food services at the building at Buckley Air Force Base that currently contains the High Frontier Dining Facility, or

any successor thereto, unless and until the Air Force has applied the Randolph-Sheppard Act's priority to that contract or other arrangement.

Respectfully submitted,

JOHN W. SUTHERS
Attorney General
State of Colorado

By: Kathryne Gwinn (by Shelly Marie Martin)
Kathryne Gwinn
First Assistant Attorney General
State Services Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: (303) 866-56549
Facsimile: (303) 866-5671
E-mail: kc.gwinn@state.co.us

Attorneys for plaintiff Colorado Department of Human Services/Division of Vocational Rehabilitation

Andrew Freeman (by Shelly Marie Martin)
Andrew D. Freeman
Shelly Marie Martin (of counsel)
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030
(410) 385-0869 (fax)
E-mail: adf@browngold.com
smm@browngold.com

Attorneys for plaintiff Steven Rightsell

Dated: September 22, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF VOCATIONAL REHABILITATION, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. |
| THE UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

* * * ooo0ooo * * *

**(Proposed) ORDER**

Upon consideration of the plaintiffs' motion for a preliminary injunction, the Court FINDS: (1) the Colorado Department of Human Services/Division of Vocational Rehabilitation has requested that the Department of Education convene a Randolph-Sheppard arbitration; (2) the plaintiffs have a strong likelihood of success on the merits in arbitration; (3) the plaintiffs will be irreparably harmed if the Buckley Air Force base cafeteria is contracted to another food services provider; (4) the Air Force will not be harmed by the relief sought; (5) the public interest favors requiring the Air Force to comply with the Randolph-Sheppard Act; and (6) a bond would be contrary to the purposes of the Randolph-Sheppard Act and is unnecessary in light of the governmental nature of the Colorado DVR.

It is therefore ORDERED this ___ day of September 2006 that the plaintiffs' motion be and hereby is GRANTED; and it is further

ORDERED that, until the Randolph-Sheppard arbitration in this matter is complete, the United States Department of the Air Force is HEREBY ENJOINED from entering into or performing under any contract or other arrangement for food services at the building at Buckley Air Force Base that currently contains the High Frontier Dining Facility, or any successor thereto, unless and until the Air Force has applied the Randolph-Sheppard Act's priority to that contract or other arrangement.

____________________________________
Judge, United States Court of Federal Claims

Date: ______________________