IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

| | | |
|---|---|---|
| COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF VOCATIONAL REHABILITATION, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 06-666C<br>Judge Miller |
| THE UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

* * * ooo0ooo * * *

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**

As requested by the Court, Plaintiffs, through their undersigned counsel, submit the following memorandum:

This case has much in common in with the *Labat* cases: In both instances, the government declined to exercise option years on a contract, choosing instead to procure the same services in-house, providing no opportunity for the incumbent contractor to compete for a new contract. In both cases, the incumbent contractor challenged the failure to compete the in-house services under applicable procurement law, claims that allege a violation of statute in connection with a procurement.

In the *Labat* cases, Labat first sought to challenge in federal district court the government's decision to obtain previously-contracted services in-house. The government contended that the Tucker Act vests exclusive jurisdiction over these challenges in the Court of Federal Claims, and the district court agreed.

Section 1491(b)(1) confers jurisdiction on this Court to hear cases alleging a violation of statute or regulation "in connection with a procurement or proposed procurement." The "in

connection with" language of Section 1491(b)(1) "is very sweeping in scope . . . and does not require an objection to the actual contract procurement."[1] Where "a statute has a connection to a procurement proposal, an alleged violation suffices to supply jurisdiction in the Court of Federal Claims pursuant to section 1491(b)(1)."[2]

Here, Congress made a standing offer to allow blind persons "to operate vending facilities on any Federal property,"[3] and plaintiffs accepted this offer by informing the Air Force that they wanted to operate the renovated Buckley cafeteria under the Randolph-Sheppard Act.[4] The Air Force was then required to act upon plaintiffs' "proposal" in accordance with 34 C.F.R. § 395.33. It did not do so. The Randolph-Sheppard Act is a procurement law, and the failure to follow the required procedures to determine if plaintiffs should be awarded a contract to operate the renovated Buckley cafeteria is a violation "in connection with" a proposed procurement.

As the district court noted in *Labat I*, this Court has heard numerous cases alleging that a federal agency is "*procuring* goods and services through a process that should have been the subject of competition, and that the failure to compete the procurement is in *violation of law*."[5] Plaintiffs make the same claim here. The Air Force contends that because it has not formally solicited for cafeteria services at Buckley, there is no procurement at issue in this case. But

---

[1] *Labat-Anderson, Inc. v. United States,* 346 F. Supp. 2d 145, 151 (D.D.C. 2004) ("*Labat I*") (*quoting RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1289 (Fed. Cir. 1999)).

[2] *Id.*

[3] 20 U.S.C. § 107(a).

[4] Letter from T. Poole to R. Henline (July 28, 2006), A.R. 80.

[5] *Labat I,* 346 F. Supp. 2d at 152 (emphasis in original).

"there is no warrant in the text of ADRA or in precedent for applying the statute only to cases where a contract has been awarded as the culmination of a bidding process."[6]

Any other interpretation would render portions of Section 1491(b)(1) superfluous. That section grants the Court jurisdiction over challenges to "a solicitation . . . for a proposed contract ***or*** to a proposed award or the award of a contract ***or*** any alleged violation of a statute or regulation in connection with a procurement or a proposed procurement."[7] Challenges to the terms of a solicitation or the award of a contract to a private entity fall within the first two prongs of Section 1491(b)(1). The universe of "procurement" cases must encompass more than cases in which there was a formal solicitation or a contract with a private entity. If these were the only cases over which the Court had jurisdiction, the grant of authority to hear cases alleging a "violation of statute or regulation in connection with a procurement or proposed procurement" is meaningless.

The Air Force's failure to follow applicable procurement law and offer plaintiffs the opportunity to obtain a contract to operate the renovated cafeteria is a violation in connection with a procurement over which this Court has jurisdiction. Even if it were not, this Court has jurisdiction over plaintiffs' challenge to the Air Force's decision to obtain the goods and services in-house. "Even if the award of a contract to in-house personnel without a competition did not quite fall within the meaning of a 'procurement,' it would certainly qualify as an 'award of a contract,'" vesting exclusive jurisdiction in this Court.[8] Here, among other things, the Air Force has "negotiated the addition of the Buckley NAF activities to the Air Force Services Agency

[6] *Labat I,* 346 F. Supp. 2d 152.

[7] Emphasis added.

[8] *Labat I,* 346 F. Supp. 2d at 155.

Prime Vendor Food Contract . . . ."[9] Because the Air Force awarded a contract to its in-house agency, the Court has jurisdiction under Section 1491 to hear plaintiffs' challenge "to the award of a contract."

Before the Air Force can decide to operate a cafeteria in-house, it must take one of three steps (1) issue a solicitation for cafeteria services to which the state licensing agency and blind vendor can respond;[10] (2) engage in direct negotiations with the state licensing agency and vendor for a cafeteria contract;[11] or (3) seek a limitation on the application of the Randolph-Sheppard Act pursuant to 20 U.S.C. § 107(b). Had the Air Force awarded a contract to operate the renovated cafeteria to a private entity without taking one of these actions, there would be no dispute that plaintiffs alleged a violation of a statute in connection with a procurement. "[T]here is no reason to create an exception for awards of a contract in-house without a public competition . . . [where] the very gravamen of the plaintiff's claim is that a procurement competition was necessary before the contract was awarded in-house . . . ."[12]

After the district court transferred *Labat* to this Court, the government argued that Labat did not have standing because no solicitation was pending, hence Labat was not an actual or prospective bidder. The Court rejected this argument because Labat alleged that the "contract calls for a commercial activity that is required by statute and regulations to be competed . . . ."[13] Where a company challenges regulatory action that makes it "ineligible to serve as the

---

[9] Gov't Brief at 5.

[10] 34 C.F.R. § 395.33(b).

[11] 34 C.F.R. § 395.33(d).

[12] *Labat I*, 346 F. Supp. 2d at 155.

[13] *Labat-Anderson, Inc. v. United States*, 65 Fed. Cl. 570, 575 (2005) ("*Labat II*").

contractor," in the abstract (as in *Fire-Trol Holdings, LLC v. United States),*[14] the plaintiff is not a prospective bidder or offeror.[15] But where, as here, a plaintiff wants to bid for a specific contracting opportunity and the government "deprive[s] the plaintiff of an opportunity to compete for the work in a fair competition," the Court will hear the case.[16]

In the *Labat* cases, the government intended to perform services in-house only temporarily, while it readied a new solicitation to which Labat could respond. Here, the Air Force intends to operate the Buckley cafeteria in-house indefinitely. Had the Air Force complied with the Randolph-Sheppard Act, plaintiffs could have competed for (or negotiated for) a contract to operate the renovated Buckley cafeteria. Instead, the same services will be obtained through an in-house organization that will, in turn, enter into multiple subcontracts to obtain food, supplies, and services for the cafeteria. Absent injunctive relief from the Court, the in-house agency and its subcontractors will begin performing their various contracts as soon as renovations are complete. Because the Air Force awarded a contract to an in-house agency in violation of a procurement statute and regulations, thereby depriving the plaintiffs of the opportunity to obtain a contract, this Court has jurisdiction to hear plaintiffs' claims.

**<u>Proposed Orders</u>**

In accordance with the Court's October 27, 2006, Order, two proposed orders are attached specifying the relief that plaintiffs seek through a preliminary injunction. At the time this case was filed, Mr. Rightsell operated the Buckley cafeteria. The Air Force subsequently closed the cafeteria and put its renovation plans on hold pending a decision in this matter. Thus,

[14] 62 Fed. Cl. 440 (2004).

[15] *Labat II*, 65 Fed. Cl. at 576, n. 3.

[16] *Id.* at 575.

plaintiffs believe that an order allowing Mr. Rightsell to continue to operate the cafeteria while arbitration of this matter is pending is the best way to preserve the status quo and prevent Mr. Rightsell from losing his livelihood for several months or years. Failing that, an injunction prohibiting the Air Force from entering into any other arrangements to operate the Buckley cafeteria at least mediates some of the harm to Mr. Rightsell by preventing the Air Force from making arrangements that might prove difficult or impossible to undo after the arbitration.

WHEREFORE the Court should enter an order enjoining the Air Force to allow Mr. Rightsell to operate the renovated Buckley cafeteria until the arbitration of this matter is complete.

Respectfully submitted,

JOHN W. SUTHERS
Attorney General
State of Colorado

By: /s/ Andrew D. Freeman
Andrew D. Freeman
Special Assistant Attorney General
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030
(410) 385-0869 (fax)
E-mail: adf@browngold.com

Kathryne C. Gwinn (of counsel)
First Assistant Attorney General
State Services Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
(303) 866-56549
(303) 866-5671 (fax)
E-mail: kc.gwinn@state.co.us

Attorneys for Plaintiff Colorado Department of Human Services/Division of Vocational Rehabilitation

/s/ Andrew D. Freeman

Andrew D. Freeman
Shelly Marie Martin (of counsel)
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030
(410) 385-0869 (fax)
adf@browngold.com
smm@browngold.com

Attorneys for plaintiff Steven Rightsell

Dated: November 1, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2006, a copy of the foregoing Plaintiffs' Supplemental Memorandum was filed electronically and served via the Court's electronic filing system.

/s/ Andrew D. Freeman